IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

|  |  |
|---|---|
| **ALICIA TAYLOR,** | ) |
| Plaintiff, | ) |
| v. | ) Case No.: |
| **NORTH AMERICAN INDUSTRIAL SERVICES, INC.,** | ) **JURY DEMANDED** |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** Plaintiff, Alicia Taylor ("Plaintiff"), by and through her undersigned counsel of record, and files this Complaint against Defendant North American Industrial Services, Inc. ("Defendant"). As grounds for this Complaint, Plaintiff states the following:

### JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce.

2. The unlawful employment practices described herein were committed in Decatur, Alabama. Decatur is located in Madison and Limestone Counties in Alabama, and, accordingly, venue lies in the United States District Court for the

Northern District of Alabama, Northeastern Division, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Alicia Taylor is a citizen of the United States of America, over the age of nineteen (19) years, a resident of the State of Alabama who is entitled to protection pursuant to the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and was at all times relevant an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e).

4. Defendant is a foreign corporation, functioning within the State of Alabama, is an employer within the meaning of 29 U.S.C. § 203(d), and was at all times relevant Plaintiff's "employer."

5. Defendant employed individuals, including Plaintiff, who engaged in commerce and/or in the production of goods for commerce.

6. Defendant's annual gross volume of sales was five hundred thousand dollars ($500,000.00) or more.

7. Plaintiff performed work for Defendant by engaging in safety activities and used goods that were transported via interstate commerce, thus, Defendant is an "enterprise," as contemplated by 29 U.S.C. § 203 (r) & (s).

## **FACTS**

8. Plaintiff re-alleges and incorporates paragraphs one (1) through seven (7) as if fully set forth herein.

9. On October 31, 2012, Defendant offered Plaintiff a Regional Safety position.

10. Plaintiff initially reported to the Regional Operations Manager, Will Hearn ("ROM Hearn") and Director of Safety and Health, Mike Pickering ("DSH Pickering").

11. On or about November 5, 2012, Plaintiff accepted Defendant's offer of employment.

12. On or about November 6, 2012, Plaintiff began working for Defendant.

13. Plaintiff was employed by Defendant for over seven (7) years.

14. In this position, Plaintiff addressed various areas of safety, including but not limited to ensuring safety regulations were followed, acquiring necessary safety materials and tools, scheduling and conducting training, and investigating on-the-job incidents.

15. However, Plaintiff did not exercise discretion and/or independent judgment regarding these matters.

16. Plaintiff strictly adhered to Defendant's provided policies and procedures.

17. Plaintiff also adhered to and completed Defendant's provided checklists when completing her duties.

18. Plaintiff could not and did not deviate from Defendant's policies, procedures, and/or checklists when completing her job duties.

19. Plaintiff did not supervise any of Defendant's employees.

20. Although supervisors would discuss hiring and termination decisions with Plaintiff, the ultimate decision did not belong to Plaintiff.

21. Plaintiff's advice regarding hiring and/or termination decisions was merely advisory.

22. Plaintiff was not responsible for issuing reprimands to employees.

23. When Plaintiff investigated on-the-job incidents, she took pictures and noted whether Defendant's provided policies and procedures were followed.

24. Plaintiff then recommended additional training, repairs, or the addition of minor safety measures.

25. Therefore, Plaintiff's job duties did not exempt her from protection under the FLSA.

26. Defendant is not exempt from FLSA coverage in relation to Plaintiff's employment.

27. Plaintiff worked over forty (40) hours each week.

28. Plaintiff was paid at an hourly rate of $32.81 per hour.

29. Defendant only paid Plaintiff the salaried hourly rate for forty (40) hours each week.

30. Defendant failed to pay Plaintiff the overtime rate for hours worked in excess of forty (40) each week.

31. Defendant was fully aware Plaintiff worked over forty (40) hours each week as Plaintiff submitted weekly reports of hours worked to her supervisor up until January 2020.

32. On April 3, 2020, Defendant informed Plaintiff via telephone that the Decatur, Alabama office was closing and, as such, she was being terminated.

33. Plaintiff immediately returned all equipment and/or items belonging to Defendant.

34. On April 27, 2020, Defendant informed Plaintiff of her termination via letter.

35. However, the letter stated that Plaintiff's termination was effective April 3, 2020.

36. Defendant's stated reason for Plaintiff's termination was that it was closing the Decatur, Alabama branch.

37. However, the Decatur, Alabama branch remains open and functioning.

38. To date, Defendant has not paid Plaintiff for overtime due.

39. Defendant has also not paid Plaintiff the full bonus amounts she is owed.

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
(Overtime Violations – 29 U.S.C. § 207)

40. Plaintiff is not exempt from protections provided by the FLSA.

41. Defendant is not exempt from coverage under the FLSA.

42. Defendant has a duty to keep certain records pursuant to 29 U.S.C. § 211(c), which Plaintiff will be relying upon in prosecuting her claims.

43. Defendant failed to compensate Plaintiff at the overtime rate required by 29 U.S.C. § 207, for hours worked in excess of forty (40) each work week.

44. Defendant's denial of Plaintiff's overtime was willful.

45. Defendant's failure to pay Plaintiff overtime due was willful and without good faith, as defined in 29 U.S.C. § 260.

46. Defendant willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207 and 29 U.S.C. § 215(a)(2).

**WHEREFORE**, Plaintiff respectfully requests this Court grant to Plaintiff the following:

A. All overtime due to Plaintiff under the FLSA for the time Plaintiff was employed by Defendant;

B. Liquidated damages in an equal amount;

C. A reasonable attorneys' fee;

D.  Plaintiff's costs and expenses;

E.  Interest on all monies owed; and

F.  Any other relief the Court deems just and appropriate.

Respectfully submitted on this the 11th day of August 2020.

*/s/ Jessica M. Wolinsky*
Jessica M. Wolinsky (ASB-7457-L67O)
Anthony D. Michel (ASB-6809-O64M)
*Attorneys for Plaintiff, Alicia Taylor*

**WRADY MICHEL & KING**
505 20th Street North, Suite 1650
Birmingham, Alabama 35203
P: (205) 980-5700
F: (205) 994-2819
jessica@wmalabamalaw.com
anthony@wmalabamalaw.com

## JURY DEMANDED

Plaintiff demands a trial by struck jury.

Respectfully submitted,

*/s/ Jessica M. Wolinsky*
Attorney for Plaintiff

7

**DEFENDANT WILL BE SERVED BY PROCESS SERVER AT THE FOLLOWING ADDRESS:**

North American Industrial Services, Inc.
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

*/s/ Jessica M. Wolingly*
Attorney for Plaintiff